```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HUSNIJA TOSIC,                                              :
                                     Plaintiff,             :   20 Civ. 9794 (LGS)
                                                            :
              -against-                                     :   ORDER
                                                            :
PINNACLE GROUP N.Y. LLC, et al.,                            :
                                     Defendants.            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, in the Second Circuit, "parties cannot privately settle [Fair Labor Standards Act ("FLSA")] claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200, 206 (2d Cir. 2015)) (explaining that FLSA claims fall within the "applicable federal statute" exception of Federal Rule of Civil Procedure 41(a)(1)(A)(ii)).

WHEREAS, district courts must evaluate whether a proposed settlement of FLSA claims is "fair and reasonable." *Cheeks*, 796 3d at 201.  To make this determination they evaluate "the totality of the circumstances," *Chevalier v. Staffpro, Inc.*, No. 20 Civ. 7006, 2021 WL 949749, at *1 (S.D.N.Y. Mar. 12, 2021), including: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion," *Wollinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citation omitted); *accord Chevalier*, 2021 WL 949749, at *1.  "Generally, there is a strong presumption

in favor of finding a settlement fair, as the Court is not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Mein v. Smith Fam. Farms, LLC*, 485 F. Supp. 3d 489, 393 (S.D.N.Y. 2020).

WHEREAS, where a settlement agreement provides for attorneys' fees and costs, district courts "also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *accord Flores v. Galloso v. 3821 Food Corp.*, 20 Civ. 1940, 2021 WL 860343, at *2 (S.D.N.Y. Mar. 8, 2020) (finding that fees totaling one-third of the settlement were reasonable and explaining that, "[i]n an FLSA case, the Court must independently ascertain the reasonableness of the fee request.") (internal citation omitted).  The reasonableness of attorneys' fees is assessed based on the attorneys' "efforts in litigating th[e] case and [] success in negotiating a favorable settlement." *Id*. at 607.  "Although there is not a proportionality requirement, attorney fees settlements generally amount to a third of the settlement award." *Perez v. Sixth Ave. Rest. Mgmt. LLC*, No. 19 Civ. 9316, 2021 WL 827768, at *3 (S.D.N.Y. Mar. 3, 2021).  "[E]ven when the proposed fees do not exceed one third of the total settlement amount courts in this [C]ircuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Santos YMY Mgmt. Corp.*, No. 15 Civ. 3986, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (internal citation omitted).

WHEREAS, costs are acceptable where they are "reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600 (citation omitted).

WHEREAS, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement -- it must reject the agreement or give the parties an opportunity to revise it." *Id*. at 605.

WHEREAS, by letter dated August 10, 2021, the parties submitted their settlement

agreement for approval in accordance with *Cheeks v. Freeport Pancake House, Inc.* Dkt. No. 22.  It is hereby

**ORDERED** that the settlement agreement submitted on August 10, 2021, is **APPROVED** as fair and reasonable.  Plaintiff alleges that Defendants failed to pay him overtime in violation of FLSA and New York Labor Law ("NYLL").  Plaintiff's counsel estimates that Plaintiff is entitled to approximately $409,500.00 in unpaid wages and overtime.  The parties have agreed to settle this action for a total sum of $125,000.000, with $81,396.33 of the settlement amount paid to Plaintiff, $41,666.70 applied to attorneys' fees and $1,936.97 applied to costs, which include filing fees, photocopying and a mediator's fee.  Plaintiff has been represented by experienced counsel throughout this litigation.  He has made an informed decision to settle this matter rather than risk an adverse ruling during trial, which was likely to involve consideration of issues including the amount of hours worked, which Defendants dispute, and Plaintiff's status as an exempt employee.

The proposed attorneys' fees of $41,666.70, which represent one-third of the total settlement, are reasonable.  Plaintiff agreed to a 33.3% contingency fee, which is a commonly accepted fee in this Circuit, and signed a retainer agreement providing that Plaintiff's counsel would receive one-third of any amount recovered through disposition of this action.  This fee award will compensate Plaintiff's counsel for time spent on litigation.  Plaintiff agreed to this fee and it is incorporated into the settlement agreement.

Use of the lodestar method as a cross check to ensure reasonableness, *Santos YMY Mgmt. Corp.*, 2021 WL 431451 at *1, supports the finding that the proposed attorneys' fees are reasonable.  Here, Plaintiff's counsel has proposed an hourly rate of $700 per hour for fifty-six hours of work on this case.  Even for an experienced attorney, Plaintiff's counsel's proposed hourly rate is not reasonable.  *See Campos, et al. v. BKUK 3 Corp.*, No. 18 Civ. 4036, 2021 WL

3540243, at *11 (S.D.N.Y. Aug. 10, 2021) ("Courts in this District have determined in recent cases that a fee in the range of $250 to $450 is appropriate for experienced litigators in wage-and-hour cases.") (collecting cases); *see also Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 658 (S.D.N.Y. 2019) (approving an hourly rate of $600 for a lead attorney with "vast experience practicing law in wage-and-hour cases" but otherwise approving rates of $350 and $225 per hour for attorneys with less experience).  In addition, Plaintiff's counsel's proposed hours worked are too high for experienced counsel litigating a FLSA case in which there has been no motion practice.  *See Canaveral v. Midtown Diner NYC, Inc.*, No. 19 Civ. 635, 2019 WL 4195194, at *8 (S.D.N.Y. Sept. 5, 2019) ("In determining what fee is reasonable, the court takes account of claimed hours that it views as excessive, redundant, or otherwise unnecessary," and considers the "overall sense of a suit"), *report and recommendation adopted*, 2019 WL 6170058, * 1 (S.D.N.Y. Nov. 19, 2019).  However, even after reducing Plaintiff's counsel's hourly rate to $450 per hour, for twenty-eight hours (half of the total hours requested), the lodestar amounts to $12,600.00 and the multiplier is 3.30.  Accordingly, attorneys' fees of $41,666.70 are still within the range of attorneys' fees that courts in this Circuit have deemed reasonable.  *See Pinzon v. Johnny Food Corp.*, No. 18 Cir. 105, 2018 WL 3271737, at *3 (S.D.N.Y.  May 24, 2018) (awarding a lodestar multiplier of 5.23 but characterizing it as "on the high end of those generally awarded in this Circuit"); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar.").  In addition, the proposed costs of $1,936.97 are reasonable.  *See Fisher*, 948 F.3d at 600.

Dated: August 12, 2021
   New York, New York

_____
LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**